## BLAMBERG BROTHERS, INC., *v.* WESTERN UNION TELEGRAPH COMPANY.

*Non-delivery of Cablegram—Delay in Making Claim—Waiver.*

A letter from the sender of a cablegram, requesting the tele-
graph and cable company to trace it and inform the writer as to
the date of its delivery, was not a "claim," for the purpose of a
rule of the Interstate Commerce Commission, incorporated in
the contract under which the cablegram was sent, requiring any
claim for damages to be presented in writing within sixty days.

p. 331

Where the contract under which a cablegram was sent pro-
vided that the company would not be liable for damages in any
case unless the claim was presented in writing within sixty
days, the sender could not recover for the non-delivery of the
cablegram, when he failed to present his claim within the time

named, though informed within that time of the non-receipt of
the cablegram.                                    pp. 331, 332

A rule of the Interstate Commerce Commission, incorporated
in the contract under which a cablegram was sent, requiring
any claim for damages against the telegraph and cable com-
pany to be presented within sixty days after the message is filed
for transmission, cannot be waived.                    p. 332

Where a general demurrer prayer of defendant could properly
have been granted, that the case was withdrawn from the jury
on improper grounds, or that there was error in any other rul-
ing, was not prejudicial to plaintiff.                p. 333

*Decided June 9th, 1927.*

Appeal from the Court of Common Pleas of Baltimore
City (STUMP, J.).

Action by Blamberg Brothers, Inc., against the Western
Union Telegraph Company. From a judgment for defend-
ant, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, AD
KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Clifton S. Brown,* for the appellant.

*W. Irvine Cross,* with whom was *Francis Raymond Stark*
on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is a suit by appellant against appellee for damages
alleged to have been suffered by appellant because of the
negligence and failure of appellee to deliver a cablegram
from appellant, a dealer in seed in Baltimore City, to Emile
Labbe Leplatre, commonly known as "Labbe," of Artenay,
France, in regard to clover seed.

The cablegram was filed for transmission in Baltimore on
February 20th, 1922. No claim for damages was made by

appellant until May 18th, 1922, eighty-seven days after the date of the cablegram.

One of the provisions of the contract under which the cablegram was sent was that the company would not be liable for damages in any case, unless the claim should be presented in writing within sixty days after the filing of the message with the company for transmission. That provision was approved by the Interstate Commerce Commission, and appears as one of its adopted rules, certified copies of which were filed in the case.

Appellant contends: (a) That it made a claim on March 24th, 1922, in a telephone conversation with Victor J. Albert, manager in Baltimore of appellee, followed by a letter of the same date, on receipt on that day of a letter from "Labbe," which was the first intimation it had that the cablegram had not been delivered. (b) That it should not be bound by the sixty days rule because it did not certainly know that its cable had not been delivered until July 1st, 1922, when it received a letter of that date from the local manager of appellee; or whether appellee or the French government was responsible for the failure to deliver the message.

Taking these propositions in order:

(a) It is clearly apparent that the letter of March 24th, 1922, was not a "claim" against the company, and there is nothing in the testimony to indicate that in the conversation which preceded the letter any claim was made. The letter of March 24th, addressed to appellee and signed by appellant, is as follows:

"As per telephone conversation with your office this morning, we would thank you to trace delivery of our cable of February 20th, to 'Labbe, Artenay, France,' advising us at the earliest possible moment when same was delivered and party signing for delivery."

(b) It may be that, on receipt of appellee's letter of July 1st, 1922, appellant thought it was better equipped to proceed with a suit; but it cannot be heard to say that it was not in a position to file a claim until then, because, as a matter of fact, it did file a claim on May 18th, 1922.

There is no reason whatever, so far as we can see, why appellant could not have filed its claim any time after the receipt, on March 24th, of Labbe's letter of March 7th. If it had not been informed before the expiration of the sixty days that the cable had not been delivered, it would have been in a better position to urge *Western Union Telegraph Co. v. Czizak,* 264 U. S. 281, as authority for its contention. In that case the sender had been erroneously informed that the message had been sent, and had been received by the sendee, and the suit was by the sendee, who did not know a message had been sent until after the expiration of the sixty days, and therefore could not sue within that time. Nor does *Western Union Telegraph Co. v. Lehman,* 106 Md. 318, give any substantial support to the contention that the sixty days rule is not to be given a strict construction. There, notice was given in writing of a claim within the time provided, and the objection was that it did not state the exact amount. It furnished, however, a basis for the calculation.

Our conclusion is:

(1) There was in fact, no waiver of this provision of the contract by appellee. On the contrary, in its letter of May 19th, 1922, acknowledging receipt of the letter filing the claim, it called attention to the rule, and stated that "the company, by its investigation of the claim, does not waive its rights under the contract."

(2) Even if appellee had attempted to waive the provision, it could not have done so, as that would have been a violation of the Interstate Commerce Law. As was said by Justice Brandeis in *Georgia, Fla., & Ala. Ry. v. Blish Co.,* 241 U. S. 190, "A different view would antagonize the plain policy of the act and open the door to the very abuse at which the act was aimed." The following cases, also, fully support and require this conclusion: *Western Union Telegraph Co. v. Esteve Bros.,* 256 U. S. 571; *Davis v. Henderson,* 266 U. S. 92; *Kerns v. Western Union Telegraph Co.* (Mo. App.), 198 S. W. 1132; *Western Union Telegraph Co. v. Woods* (Tex. Civ. App.), 266 S. W. 179; *Williams v. Western Union Telegraph Co.,* 218 Mo. App. 364; *Stone v. Postal Telegraph Cable Co.,* 35 R. I. 498.

It will be unnecessary to decide whether there was error in granting defendant's prayer for a directed verdict, or to consider other questions presented and ably argued in the appeal.

If, as we hold, plaintiff was not entitled to recover for the reason we have discussed, even if the case was withdrawn from the jury on improper grounds, which we do not decide, or there was error in any other ruling, which also we do not decide, such error would not be prejudicial to the plaintiff, inasmuch as the general demurrer prayer could have been properly granted. *Texas Co. v. Wash., B. & A. R. Co.,* 147 Md. 167. The question was raised below by defendant's third plea and its demurrer to the amended replication thereto.

It is not necessary to decide whether the demurrer should have been sustained. It is sufficient to say there is no evidence in the record in support of some of the allegations of the replication on which the learned trial judge doubtless based his order overruling the demurrer.

*Judgment affirmed, with costs to appellee.*