ELIZABETH DUNNE

vs.

THE CONNECTICUT COMPANY, ET ALS.

Superior Court          Fairfield County          File #50196

Present: Hon. JOHN A. CORNELL, Judge.

Joseph Davidson,                Attorney for the Plaintiff.

Pullman & Comley,               Attorneys for the Defendant.

123 Conn. 680          MEMORANDUM FILED MAY 10, 1937.

CORNELL, J.   There was evidence which tended to show that the defendants' servants and agents took precautions, which according to certain testimony would have insured that

the step of the bus was free from ice and snow at the time that plaintiff claims she fell.

Opposing this, was the definite affirmation of other witnesses to the effect that the step—or, at least, that portion of it which remained exposed to the weather when the door was shut—was either icy or covered by a slippery film of an ice-like substance. According to the defendants' testimony this condition was not only non-existent, but not possible in view of the action of the rock salt with which, it is claimed, the entrance had been treated but a short time before plaintiff was injured.

An admissible view of an important question of fact presented to the jury was whether the defendants' employees had taken any precaution at all to keep the step as a part of the entrance reasonably safe for use of the defendants' patrons, since under defendants' claims it would be a reasonable inference, if the jury found that the step was actually icy, that no rock salt was used, as defendants' employees testified. There was no evidence of any other means having been employed to keep the step in a reasonably safe condition for use. Thus was presented a typical question of fact for the jury with whose decision concerning which the Court cannot interfere. **Frisbie vs. Schinto, 120 Conn. 412, 414; Toth vs. Perry, et al., 120 Conn. 680.**

Insofar as the charge is concerned, like most others, isolated passages may be found, which, standing alone, might be susceptible of successful attack. A careful review of it, as a whole, seems to make evident that the jury could not have been misled concerning the instructions by which it was sought to make clear that there could be no liability on defendants' part, unless the proximate cause of plaintiff's injuries was the condition of the step, resulting from negligence on defendants' part as contra-distinguished from the condition of the highway on which she stood immediately before she boarded the bus. In any event, that question is one more properly cognizable by the court of review. Certain comments are attached hereto which may be pertinent.

As respects the claim that the jury could not reasonably have found that the defendant was negligent, "because the defendant had no notice of the icy condition of the step and no opportunity after notice to remove or otherwise repair the claimed slippery condition of the step . . . .", the following

observations seem apropos:

The question of (1) whether the condition of the step was dangerous and (2) if so, whether its dangerous condition had existed such a length of time ˙before plaintiff fell to have apprised defendant of the peril which it offered and, there‑ after for a period affording reasonable opportunity to remedy it—are both questions of fact.

There was ample evidence from which the jury could have found the issues as respects both of them, in favor of the plaintiff. Without reviewing such testimony, it is sufficient to point out that the defendants submitted evidence from which the jury would have been justified in finding that it not only had actual knowledge of the presence of snow, at least, on the step, but actually took measures to remove it and to insure no ice forming again while the bus was in service during the remainder of that night, by applying rock salt. The jury might reasonably have found from this, that the defendant had actual knowledge, instead of imputed notice of a dangerous condition, but at the same time have concluded that the defendant did not take the precautions claimed, al‑ though it had reasonable opportunity to do so.

The motion is denied.

## COMMENTS ON CHARGE TO JURY REFERRED TO IN FOREGOING MEMORANDUM

The jury were told first that plaintiff claimed that she "sus‑ tained such injuries while in the act of boarding defendants' motor bus" and was caused to do so "because of defendants' negligence as alleged in the complaint" (Transcript of Charge, page 3).

That she could be found to have sustained the burden of proof of facts essential to her cause of action only if she did so "with respect to the particular facts which I have enumer‑ ated to you", page 4.

In calling attention to the specific acts of negligence upon which the plaintiff relied it was pointed out that plaintiff de‑ pended upon the condition of the step in that "it was in a dangerous condition because of an accumulation of snow and ice upon it . . . .", page 7.

In discussing plaintiff's claim on the evidence it was made

clear that this projected a factual situation in which the leading point was that plaintiff "had put one foot upon the lower step and had taken hold of some part of the bus and was about to lift herself up to take the other step . . . . and as she took her foot off the ground, the **foot on the step slipped** or, at least, went out from under her . . . . etc. . . . .", page 7.

This was reiterated in the following language: "In other words, her contention is that she had one foot on that lower step and that it **was the condition of that step which caused her to slip,** page 7. The claim of the defendants that she was not in the act of boarding the bus is stated in contrast with plaintiff's contention, immediately following, page 7.

Immediately thereafter the jury were told that if it was found that plaintiff **"had not actually put her foot on the step of the bus, then under the claims made by the plaintiff here, she was not a passenger, and the defendant here would not be responsible if she slipped on the pavement, . . . .",** page 8.

The paragraph next following can hardly be culled from the context and, so isolated, given a meaning apart from the subject-matter with which in relation to what immediately precedes and immediately follows it it would otherwise have.

Almost self-evidently it appears that under the claims made by the plaintiff which were then the only subject of discussion the paragraph objected to must be taken to mean that the relationship of carrier and passenger could in no event have arisen unless the minimum acts referred to occured, page 8.

The paragraph next following makes it clear that no consideration was to be given plaintiff's claim at all, unless the jury found, "that she had put one foot on this lower step and was in the act of boarding the car in response to the invitation of the driver . . . ." of the bus.

All this has to do with the claim made in the complaint that plaintiff was caused to fall by the condition of the step while boarding the car as a passenger. The liability of the defendant for taking plaintiff on as a passenger in a dangerous place because of the condition of the highway at the point was neither claimed by the plaintiff nor referred to in the charge.