## Louise McDonough *v.* The Lenox Theater Company

Baldwin, O'Sullivan, Wynne, Daly and Comley, Js.

Argued June 12—decided July 24, 1956

*Snow G. Munford,* for the appellant-appellee (plaintiff).

*Bradley B. Bates,* for the appellant-appellee (defendant).

WYNNE, J. This action was brought to recover for personal injuries alleged to have been sustained by the plaintiff in a fall in the defendant's theater. The jury returned a verdict for the plaintiff. The court set aside the verdict but denied the defendant's motion for judgment notwithstanding the verdict. The plaintiff has appealed from the decision granting the motion to set aside the verdict. The defendant has filed a cross appeal based on the denial of its motion for judgment notwithstanding the verdict.

The plaintiff offered evidence to prove the following facts: She is a widow seventy-five years old. On February 5, 1953, she went to the Lenox Theater near her home to view the picture. There were no ushers in the theater to escort her to a seat. It is standard practice to have ushers on duty at all performances in theaters such as the defendant's. The plaintiff in darkness went alone down an aisle and, in feeling for a seat, took hold of an arm of a seat which was loose. As a result, she fell and sustained serious injuries.

The complaint is in one count and alleges nine claims of negligence. These concern three specifications. The first deals with a defective seat. The next has to do with improper or insufficient lighting. The final one is predicated upon the claim of absence of sufficient ushering and ushers. The trial court pointed out that there was sufficient evidence as to both the second and the third specifications of negligence to support the verdict. It concluded, however, that, there being no evidence of actual or constructive notice of a defective seat, it was in error in submitting the first specification of negligence to the

648

jury. The defendant would have been entitled to take advantage of this in assigning error. Since the court felt that there was error in the charge, it could set aside the verdict. *Frisbie* v. *Schinto,* 120 Conn. 412, 416, 181 A. 535.

Where there is only one cause of action and there is error in submitting one of the specifications of negligence, a general verdict does not cure the error. *Falzone* v. *Gruner,* 132 Conn. 415, 419, 45 A.2d 153; *Ziman* v. *Whitley,* 110 Conn. 108, 116, 147 A. 370. The case of *Frisbie* v. *Schinto,* supra, makes it clear that the trial court was right in ruling as it did.

On the defendant's appeal, error is claimed in the refusal to order judgment notwithstanding the verdict. We do not decide whether such an appeal lies. In view of the features of the case concerning lighting and the lack of ushers, the court was right in not rendering judgment for the defendant. It follows that the defendant's appeal is without merit.

There is no error.

In this opinion the other judges concurred.