PATRICIA FLEISCHER *v.* FRANCIS KREGELSTEIN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 4—decided December 18, 1962

*Alexander Winnick,* with whom, on the brief, were *Edward B. Winnick* and *Arnold M. Potash,* for the appellant (plaintiff).

*Charles A. Watrous,* with whom was *William P. Simon,* for the appellee (defendant Sweet).

Murphy, J.  The plaintiff sued to recover for injuries which she allegedly sustained in a three-car, chain-reaction collision.  She recovered a verdict against Stephen Sweet, hereinafter called the defendant.  The trial court set aside the verdict because of errors in the charge.  The plaintiff has appealed from the decision granting the motion to set aside the verdict.

Since the plaintiff briefed only her assignments of error relating to the charge, all others are treated as abandoned.  *West Realty Co.* v. *Ennis,* 147 Conn.

602, 603, 164 A.2d 409; *State* v. *Harris,* 147 Conn. 589, 591, 164 A.2d 399, and cases cited. One of the assignments of error which we regard as abandoned attacks a finding that the defendant had offered evidence to prove and claimed to have proved that at some unspecified date between the date of the accident and more than a year later the plaintiff's dog was killed and that the death of the dog had important adverse effects on the plaintiff's pre-existing colitis although the extent of these effects was not shown. The defendant, relying on the failure of the plaintiff to make any reference in her brief to this assignment of error, properly considered it as abandoned and so stated in his brief. He did not go into the merits of the claim, nor did he include in his appendix, under Practice Book § 447, the evidence relevant to the issue, as he would be expected to do if the plaintiff had briefed the assignment. In oral argument, the plaintiff asserted that she was not abandoning the assignment. Under the circumstances, this assertion came too late. Where an assignment of error is to be pursued, it must be briefed. Any other rule would work an injustice and hardship on the adverse party. *Cushing* v. *Salmon,* 148 Conn. 631, 633, 173 A.2d 543.

One of the allegations of negligence was that the defendant was operating his vehicle with inadequate and defective brakes. There was no evidence that any of the cars involved had defective brakes. In the charge, the court, in referring to this specification of negligence, quoted a portion of General Statutes § 14-80 (a), which relates to adequacy of brakes, and stated that a violation of it would be negligence per se. In the absence of any evidence that the braking systems of any of the vehicles involved failed to comply with the relevant provisions

of § 14-80, the issue of inadequate or defective brakes should not have been committed to the jury. *Miles* v. *Sherman,* 116 Conn. 678, 682, 166 A. 250. The court acted properly in setting aside the verdict for this reason. *McDonough* v. *Lenox Theater Co.,* 143 Conn. 646, 648, 124 A.2d 520; *Frisbie* v. *Schinto,* 120 Conn. 412, 416, 181 A. 535.

The plaintiff offered evidence to prove that her preexisting colitis became aggravated as a result of the accident. The defendant offered evidence to prove that the plaintiff had been afflicted with the colitis for several years before the accident, that it was incurable, and that after a period in which it was improving, the plaintiff's dog was killed, causing the plaintiff to have an emotional reaction which activated the colitis. In the charge, the court correctly instructed the jury that the plaintiff could recover damages to the extent that the colitis had become aggravated by the accident. The court, however, made no reference to the death of the dog and to reactivation of the colitis by reason of the plaintiff's reaction to this event as distinguished from aggravation of the colitis as a result of the automobile collision. The defendant requested a charge on damages to the effect that the plaintiff was not entitled to compensation for the preexisting colitis itself or for such aggravation of it as was caused by the death of the dog. The court did not so charge. As the omitted matter was essential to a proper and complete consideration and decision of the case, the failure to charge on it, after a request to do so, constituted error. *Varley* v. *Motyl,* 139 Conn. 128, 130, 90 A.2d 869; see *Gross* v. *Boston, W. & N.Y. St. Ry. Co.,* 117 Conn. 589, 596, 169 A. 613; *Pietrycka* v. *Simolan,* 98 Conn. 490, 499, 120 A. 310. The court acted properly in setting aside the

162

verdict on this ground. *Sparico* v. *Munzenmaier,*
134 Conn. 194, 197, 56 A.2d 165.

There is no error.

In this opinion the other judges concurred.