### BACK, et ux v. SOUTHERN BELL. TEL. & TEL. CO.
No. 68919.

Civil Court of Record, Duval County.
January 21, 1963.

Evan T. Evans, Jacksonville, for plaintiff.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for defendant.

TYRIE A. BOYER, Judge.

This cause came on to be heard on the defendant's motion for summary judgment and incident to that hearing the court heard argument on the other undisposed of pleadings. The court finds that none of the pending motions are well founded. Pursuant to rule 1.36(d), 1954 R.C.P., this court finds that the following facts appear without substantial controversy and at the trial of this cause such facts shall be deemed established, and the trial shall be conducted accordingly —

1. Defendant, Southern Bell Telephone and Telegraph Company, is a public utility furnishing telephone service in Florida

and is subject to the jurisdiction of the Florida Railroad and Public Utilities Commission. See F.S. 364.01, et seq.

2. Pursuant to chapter 364, F.S., said telephone company filed with said commission its General Exchange Tariff, Rules and Regulations applying to all subscribers' contracts, which were approved by the commission, and which contained the following provisions which were in full force and effect at all times pertinent herein —

2. *Use and Ownership of Equipment.*

Equipment, instruments and lines furnished by the Telephone Company on the premises of a customer or authorized user of the Telephone Company are the property of the Telephone Company and are provided upon the condition that such equipment, instruments and lines, except as expressly provided in this tariff, must be installed, relocated and maintained by the Telephone Company and that the Company's employees and agents may enter said premises at any reasonable hour to make collections from coin boxes, to install, inspect or repair any part of the Telephone Company's equipment, apparatus and lines on the subscriber's premises, or upon termination or cancellation of the service, to remove such instruments and lines. Such equipment shall not be used for any toll or consideration to be paid by any other person than the subscriber, nor for performing any part of the work of transmitting, delivering or collecting any message, where any toll or consideration has been or is to be paid any party other than the Telephone Company, without the written consent of the Company.

Subscribers may not disconnect or remove or permit others to disconnect or remove any apparatus installed by the Telephone Company, except upon the written consent of the Company.

Equipment furnished by the Telephone Company shall, upon termination of service from any cause whatsoever, be returned to it in good condition, reasonable wear and tear thereof excepted.

3. *Unauthorized Attachments or Connections.*

No equipment, apparatus, circuit or device not furnished by the Telephone Company shall be attached to or connected with the facilities furnished by the Telephone Company, whether physically, by induction or otherwise, except as provided in this tariff. In case such unauthorized attachment or connection is made, the Telephone Company shall have the right to remove or disconnect the same; or to suspend the service during the continuation of said attachments or connection; or to terminate service.

10. *Cancellation of Service for Cause.*

A. *Without Notice.*

The Telephone Company may without notice, either suspend service or terminate the subscriber's contract without suspension of service or, following a suspension of service, sever the connection and remove any of its equipment from the subscriber's premises upon:

(5) Nonpayment of any sum due for exchange, toll or other services.

(7) Any other violation of the Telephone Company's rules and regulations applying to subscribers' contract or to the furnishing of service.

3. Plaintiff, John Back, applied for and received telephone service at 4626 Hudnall Road, in Duval County, from said defendant, and such service was installed and maintained under the defendant's rules and regulations.

4. Said plaintiff failed to pay to defendant telephone company his proper telephone charges at said location, and on April 20, 1962, said charges were unpaid and delinquent, all contrary to the aforesaid rules and regulations, and on the same date service at said location was disconnected and discontinued by the defendant telephone company.

5. On October 25, 1962, pursuant to said tariff provisions, while plaintiff's account was delinquent, after plaintiff had failed to pay the same, and while said service was disconnected and discontinued, defendant telephone company, through its installer-repairman, entered upon plaintiff's property at a reasonable hour and removed said telephone instrument. Plaintiffs did not discover the telephone had been removed until several days later.

6. No damage has been done to the plaintiff's property by defendant, and there was no evidence of forcible entry.

7. Rules and regulations of the telephone company and the provisions of its tariff on file with and approved by the public utilities commission are binding on subscribers whether they agreed to them or not. See Dade County v. Commission and Southern Bell, 48 So.2d 89; Plate v. Southern Bell (DC-SC, 1951) 98 F.S. 358; Miller v. C.C. Telephone Co. (SC, 1940) 8 S.E. 2d 355; Peace v. Southern Bell (CA-4, 1953) 208 F.2d 901; Carroway v. Carolina Power Co. (SC, 1954) 84 S.E.2d 728; Application of Bar v. N.Y. Telephone Co. (N.Y., 1955) 140 NYS 2d 15; Leitner v. N.Y. Telephone Co., 277 N.Y. 180, 13 N.E. 2d 763, 766; Blamberg v. Western Union (Md., 1927) 138 Atl. 233; Russ v. Western Union (N.C., 1943) 23 S.E.2d 681; State ex rel. Western Union v. Commission (Mo.) 264 S.W. 669; 32 Fla.Jur. 40, 44; C. G. Hatton v. Western Union, Case #39422, Duval County Civil Court of Record, June 11, 1942 (Judgment for Defendant); Melissa Norton v. Western Union, Case #39473, Duval County Civil Court of Record, January 14, 1943 (Non-Suit); Western Union v. Esteve, 256 U.S. 566; Western Union v. Nester, 309 U.S. 582; Boylston v. Western Union, Duval County Circuit Court, Case #59-154-L, April, 1959.

8. Failure or refusal to make payments to the telephone company of its charges for telephone service justified the removal of the instrument. See 86 CJS 269 and authorities there cited, including Hare v. N. Y. Telephone Co. (N.Y., 1917) 164 N.Y.S.2d 735.

9. The right of the telephone company to enter subscribers' premises and remove the company's property for non-payment of telephone charges due is a license coupled with an interest which cannot be revoked by the subscriber. If the company enters in a peaceful manner without committing a trespass and removes its property in a prudent and careful manner, there is no liability. (See Plate v. Southern Bell (DC-SC 98 Fed.Sup. 355, and Peace v. Southern Bell (CA-4, 1953) 208 Fed.2d 901).

So it is that the sole issues to be presented at the trial will be —

(a) Did the defendant commit a trespass when removing the subject instrument from the plaintiffs' property; viz.: Did someone give the defendant's agent permission to enter the premises.

(b) Were the actions of the defendant such as to entitle plaintiffs to punitive damages, and if so the amount thereof.

The court cannot grant a summary judgment in this case under the present state of the pleadings for the reason that defendant's assertion that its agents had permission from an unknown person to enter the subject premises is contradicted by the deposition of the plaintiff, John Back. (See pages 40 and 41 of said deposition).

The court has no authority, in passing upon a motion for summary judgment, to evaluate the evidence or pass upon the credibility of a witness. Navison v. Winn & Lovett, Fla., 92 So.2d 531. If there is any issue of fact and the *slightest* doubt remains, a summary judgment cannot be granted. Williams v. City of Lake City, Fla., 62 So.2d 732; Crovella v. Cochrane, Fla., 102 So.2d 307; Butler v. Borowski, Fla., 120 So.2d 656; Jacobi v. Claude Nolan, Fla. 122 So.2d 783. "It is immaterial whether the evidence is uncontroverted if the evidence is susceptible of two or more *inferences* of fact that could be lawfully made by a jury." Pan American v. Sav-A-Stop, Fla., 124 So.2d 753; Town of Mt. Dora v. Bryant, Fla., 128 So.2d 4.

Upon consideration, it is ordered and adjudged that — (1) The defendant's motion to dismiss the complaint is denied. (2) The plaintiffs' motion to strike and motion for more definite statement are each severally denied. (3) The defendant's motion for summary judgment is denied. (4) The issues at the trial of this cause will be confined in accordance with the preamble to this order.