**SOUTHERN BELL TEL. & TEL. CO. v. STRADCO, Inc., et al.**

No. 76-3432-CA.

Circuit Court, Duval County.

March 26, April 2, and May 27, 1976.

Harold B. Wahl, George D. Gabel, Jr., and Nathan H. Wilson, all of Jacksonville, for the plaintiff.

Harry L. Shorstein, Jacksonville, for the defendants.

THOMAS J. SHAVE, Jr., Circuit Judge.

*Temporary mandatory injunction, March 26, 1976:* This cause came on to be heard on the application of the plaintiff, Southern Bell Telephone and Telegraph Company, for a temporary mandatory injunction, and the court having considered the sworn complaint and having heard sworn testimony of witnesses and having received documentary evidence, finds —

That the defendants, Stradco, Inc., Stradco Iron Co., Inc., and J. C. Hotel Inc. have possession of certain telephone key system and PBX equipment as shown by Exhibit A attached to the complaint, copy of which is attached hereto. Said telephone equipment under the lawful rules, regulations and tariff of the telephone company remains the property of the telephone company and the company has the right to remove such property from the defendants and take back its possession at any time. See *Back v. Southern Bell, C. C., Duval,* 1963, 21 Fla. Supp. 190, and the authorities cited therein.

That the defendants, according to the sworn testimony, have failed to pay their telephone charges which are now in arrears in the amount of approximately $7,250.67.

That plaintiff attempted to regain possession of said equipment on at least two occasions and on one occasion the defendants not only refused to let the telephone company get back the equipment but even refused to allow the company employees to enter their premises to observe or inspect said equipment.

That based upon the sworn complaint and testimony, there is grave danger and apprehension that if the defendants learn of a replevin suit or learn of an order authorizing the telephone company to take possession of the equipment, they will endanger, damage or injure the equipment described in Exhibit A, which is not only highly valuable but technical and sophisticated equipment which could be very easily damaged.

That based upon the sworn complaint and testimony there is concern as to whether the defendants would be able to pay for any damage they might do to the equipment because they are already in arrears in the approximate amount of $7,250.67, prior to the time of detention of the equipment and they have already given the telephone company several checks which were returned by the bank for insufficient funds.

That also according to the testimony the plaintiff has given the defendants numerous opportunities which they have rejected to have the equipment remain and activated provided defendants pay the proper charges, the court having been advised that the property has been disconnected and not in use for some weeks. The court is further advised by the testimony and sworn complaint and so finds that while the telephone equipment is on the defendants' premises it is not in use, has not been in use for some time and cannot be used because it has been disconnected for non-payment of bill.

In the light of the above findings, the court finds that the plaintiff is entitled to a temporary mandatory injunction and that there is no adequate relief of law, and it is upon consideration ordered —

That plaintiff's prayer for a temporary mandatory injunction is granted.

That the sheriff of Duval County is directed at the earliest practical moment during normal working hours to enter upon defendants' premises described generally as 1351 Airport Service Road in Jacksonville (formerly known as Ramada Inn) and remove the goods and chattels in the possession of the defendants, more particularly described as telephone equipment as shown on Exhibit A attached to this order, and hold and safely keep the same until further order of this court. The sheriff is specifically authorized, at his discretion, to use the assistance of Southern Bell technicians and other employees for the removal of said equipment and to store same at any suitable place available to the sheriff with the right to appoint Southern Bell as custodian at its facilities in Duval County.

That this order is subject to the telephone company filing a bond in the amount of $32,000 with U. S. Fidelity & Guaranty Co. as surety, to be approved by the court and filed with the clerk of this court conditioned that the telephone company shall pay any damages sustained by the above defendants should the ultimate decision in this case be that this temporary mandatory injunction was wrongfully entered and because of such wrongful entry said defendants were damaged.

That the court finds that it is necessary to enter this temporary mandatory injunction without notice, under provisions of Rule 1.610, Rules of Civil Procedure, as it is manifest that injury will be done if an immediate remedy is not afforded. The court will give the defendants an opportunity to be heard in this matter at 2 P. M., March 31, 1976, or at a date later fixed by the court at the request of both parties which may be more convenient to the parties.

*Order, April 2 1976:* This matter came on to be heard on March 31, 1976, pursuant to paragraph 4 of the court's temporary mandatory injunction of March 26, 1976. Harold B. Wahl, Esquire, appeared for the plaintiff, and Harry Shorstein, Esquire, appeared for the three defendants.

Plaintiff made an oral motion that because of the large amount and value of this equipment that it be released to the plaintiff, not as custodian for the sheriff, but to it as owner so that plaintiff could use the equipment; that for every day plaintiff was deprived of the use of this equipment the greater its damages would be.

Defendants' counsel stated that he would take the matter up with his clients and see what could be done.

The court is now advised that the parties have agreed that the telephone equipment here involved shown on Exhibit A pages 1 and 2 attached to both the complaint and the temporary mandatory injunction, may be released by the sheriff to the plaintiff, as shown by consents appended to this order.

Upon consideration, it is ordered that the certain telephone key system and PBX equipment as shown by Exhibit A attached to the complaint and the temporary mandatory injunction be, and the same is hereby, released to the plaintiff, and the sheriff is directed to consummate such release to the plaintiff and turn over said equipment to it.

*Final judgment, May 27, 1976:* The clerk having on April 20, 1976 entered default against each of the defendants for failure to serve or file an answer or motion within the time prescribed by law, and the court by its order of April 22, 1976 having confirmed such default and set the case for trial for 11 A. M. on May 17, 1976, and defendants having been given notice of such trial date through their counsel, and the matter having come on for trial, and the defendants not having appeared, and the court having heard testimony and considered evidence offered by plaintiff, upon consideration, the court finds —

The equities and rights of the cause are with the plaintiff and against the defendants.

Plaintiff is entitled to recover damages against defendant Stradco, Inc., a corporation, in the amount of $116.54, against Stradco Iron Co., Inc., a corporation, in the amount of $1,000.60, and against J. C. Hotel, Inc., a corporation, in the amount of $5,917.27. One Frank Broes acted for, and as chief executive officer of, each of said defendants in dealing with plaintiff.

Although the plaintiff had the right to repossess its equipment for failure to pay long past due telephone charges (see authorities cited in *Back v. Southern Bell* (C. C. Duval, 1963) 21 Fla. Supp. 190), the court finds that the defendants improperly and unlawfully refused to give up the equipment, refused entry to plaintiff to check on or remove said equipment, and put the plaintiff to great and unnecessary expenditure of time and effort.

Finally, when the sheriff's deputies, accompanied by plaintiff's employees to assist them, at their request and as authorized by the court, went to the location to repossess the equipment, the defendants refused entrance and locked the doors, although the officers and their marked police cars were in plain view. When the officers were finally able to force their way in, the defendants let loose a huge dog on the officers which the officers had to subdue with mace. Even then, after entry, the defendants kept some rooms locked and it was necessary to force open several doors to get all the equipment. At this stage, said Broes appeared, engaged in an altercation with the police officers, struck the chief police officer, and the officers were forced to arrest him and place him in the county jail.

The court taxes plaintiff's costs as —

| | |
|---|---|
| Paid sheriff | $ 27.50 |
| Paid clerk | 20.00 |
| Premium on injunction bond | 640.00 |
| Paid court reporter per diem on hearing of March 31, 1976 | 30.00 |
| Witness fees and mileage | 19.50 |
| *Total:* | $737.00 |

which shall be taxed as equally as possible against the three defendants.

The temporary mandatory injunction bond given by plaintiff in the amount of $32,000 with United States Fidelity & Guaranty Co. as surety, approved and filed March 26, 1976, is cancelled, and all liability thereunder is ended.

It is, therefore, ordered and adjudged that plaintiff do have and recover of and from Stradco, Inc., a corporation, its damages hereby fixed at $116.57, together with costs of $245.66; that plaintiff do have and recover of and from Stradco Iron Co., Inc., a corporation, its damages hereby fixed at $1,000.60, together with costs of $245.67; and that plaintiff do have and recover from J. C. Hotel, Inc., a corporation, its damages hereby fixed at $5,917.27, together with costs of $245.67 for all of which let execution issue.