[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a final decision of the defendant, Freedom of Information Commission ("the commission"), brought pursuant to General Statutes §§ 1-206(d) [formerly § 1-21i] and 4-183. The plaintiff, Angela D. Raymond, seeks review of the final decision of the commission dismissing her complaint for lack of jurisdiction under General Statutes §1-21i(b)(1) [now § 1-21i(b)(1)].[1] The plaintiff claims that the commission incorrectly concluded that her complaint was not filed with the commission within the time period mandated by § 1-21i(b)(1) of the Freedom of Information Act ("FOIA"). The court finds the issues in favor of the plaintiff.
This appeal arises from a complaint filed with the commission by William J. Raymond, Jr. and Angela D. Raymond against the Brookfield Zoning Commission ("the zoning commission") alleging CT Page 15969 that the zoning commission conducted an improper meeting on June 13, 1996 in violation of FOIA. Specifically, in the complaint, the Raymonds alleged that at the June 13, 1996 meeting, the zoning commission failed to: make the necessary motion and vote to convene in executive session; identify the pending litigation to be discussed during executive session; prepare and file the minutes of the executive session disclosing the persons in attendance; and indicate on its agenda that it would act upon a request for extension of a natural resources recovery permit. (Return of Record ("ROR"), Item 15, Final Decision.)
A contested hearing was held in this matter before hearing officer Rosalind Berman on February 11, 1997, at which time the issue of whether the plaintiff timely filed her complaint with the commission pursuant to § 1-21i(b)(1) was first raised. In her proposed decision issued on May 14, 1997, hearing officer Berman did not address the merits of the plaintiffs' complaint but rather dismissed the plaintiffs' complaint for lack of jurisdiction under § 1-21i(b)(1). Specifically, the hearing officer found as following:
 3. The letter of complaint in this case, as described in paragraph 2, above, was faxed to the Commission and filed on Monday July 15, 199[6].
4. Section 1-21i(b)(1), G.S., provides in relevant part:
 Any person . . . denied any other right conferred by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, 1-20a and 1-21 to 1-21k, inclusive, may appeal therefrom to the freedom of information commission, by filing a notice of appeal with said commission. A notice of appeal shall be filed within thirty days after such denial.
. . .
 5. Consequently, the Commission has jurisdiction over this complaint only if the complaint in this case was "filed" within thirty days of the alleged violation on June 13, 1996.
 6. Section 1-21j-22 of the Regulations of Connecticut State Agencies states:
 All orders, decisions, findings of fact, complaints, correspondence, motions, petitions, and any other documents governed by these CT Page 15970 rules shall be deemed to have been filed or received on the date on which they are issued or received by the commission at its principal office, except as may hereinafter be provided.
 7. Section 1-21j-30 of the Regulations of Connecticut State agencies, in turn, states:
 When a hearing is required by law, the contested case shall commence on the date of filing of the complaint or petition for purposes of section 4-181 of the General Statutes.
 8. It is found that there is no competent evidence of when the complaint in this matter was faxed to the Commission, although it is possible that it was faxed on the date it was dated — i.e., July, 13, 1996 — within the time period mandated by § 1-21i(b)(1), G.S.
 9. It is also found, however, that the complaint was not "received by the Commission" until July 15, 1996 because there was no evidence that Commission personnel were present on July 13, 1996 to receive the complaint and establish that it was, in fact, received on that date, and because the complaint itself was not stamped as received and filed by the Commission until July 15, 1996, beyond the time period mandated by § 1-21i(b)(1), G.S.
 10. It is further concluded that, when §§ 1-21j-22 and 1-21j-30 of the Regulations of Connecticut State Agencies are read together, the operative date for the commencement of this contested case was the date on which the complaint was filed — i.e., July 15, 1996 — beyond the time period mandated by § 1-21i(b)(1), G.S.
 11. Consequently, it is concluded that the Commission lacks subject matter jurisdiction over the complaint in this matter pursuant to § 1-21i(b)(1), G.S., because it was filed beyond the thirty-day period mandated by that statute.
(ROR, Item 13, Proposed Final Decision, ¶¶ 3-11.)
The plaintiffs thereafter filed a motion to reopen hearing with the commission on May 28, 1997. (ROR, Item 14.) The commission, on June 6, 1997, met in special session to consider, among other matters, the plaintiffs' motion to reopen. (Supplemental ROR, Item 19, Transcript of June 6, 1997 Special Meeting.) On June 6, 1997, the commission adopted the proposed decision by hearing officer Berman as its final decision but took no action on the motion to reopen. (ROR, Item 15; Supplemental CT Page 15971 ROR, Item 19, Transcript pp 8-9.) The plaintiffs then filed a petition for reconsideration of final decision dated June 20, 1997 and filed with the commission on June 24, 1997. (ROR, Item 16.) On July 9, 1997, the commission, at a regular meeting, voted to deny the plaintiffs' petition for reconsideration of final decision by a vote of 2-1. (Supplemental ROR, Item 22, p. 23.)
On July 31, 1997, the plaintiff, Nancy Raymond, filed the present administrative appeal with this court challenging the commission's final decision. The defendants filed answers on November 20, 1997 and December 2, 1997. The record was filed on November 20, 1997 and a supplemental record was filed on February 23, 1998. The plaintiff filed her brief on May 27, 1998 and the defendants filed their briefs on June 29, 1998 and August 5, 1998. On October 14, 1998, the plaintiff filed a reply brief. Thereafter, the parties where heard in oral argument on January 12, 1999. Due to a potential subject matter jurisdiction issue raised by this court sua sponte under General Statutes §4-183(c), the court ordered the instant case stayed, with the agreement of counsel, on June 16, 1999 pending the outcome of Bittle v. Commissioner of Social Services, 245 Conn. 922 (1998). That case having been decided in favor of subject matter jurisdiction, the court will proceed to address the merits of the plaintiffs administrative appeal. See Bittle v. Commissioner ofSocial Services, 249 Conn. 503 (1999).
At the outset, the court notes the "standard of review for all of the plaintiffs claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny.., the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . ."(Citations omitted; internal quotation marks omitted.) Bezzini v. Dept. of Social Services, CT Page 1597249 Conn. App. 432, 436 (1998).
Here, the sole issue is whether the plaintiff timely filed her underlying complaint with the commission within the time parameters contained in General Statutes § 1-21i(b)(1). Pursuant to that statute, the plaintiff is required to file her freedom of information appeal alleging an unnoticed or secret meeting with the commission within thirty days of receiving "notice in fact" that such a meeting was held. The commission determined in its final decision that the alleged violation occurred on June 13, 1996, the date the zoning commission conducted its meeting. Accordingly, the thirtieth day for the plaintiff to file her appeal under § 1-21i(b)(1) would have been July 13, 1996, a Saturday. The plaintiff, however, disputes this date as the start of the statute of limitations period and argues in her brief that the thirty day appeal period did not begin to run until June 27, 1996, the date she learned in fact that the unnoticed or secret meeting occurred. Assuming arguendo that the commission, in its final decision, was correct in determining that the thirty day appeal period started to run on June 13, 1996, the date of the zoning commission meeting, the plaintiffs freedom of information appeal nevertheless would have been timely filed.
Section 1-21j-22 of the Regulations of Connecticut State Agencies[2] states:
 All orders, decisions, findings of fact, complaints, correspondence, motions, petitions, and any other documents governed by these rules shall be deemed to have been filed or received on the date on which they are issued or received by the commission at its principal office, except as may hereinafter be provided.
Section 1-21j-15 of the Regulations of Connecticut State Agencies, in effect at the time of the agency decision, provides as follows:[3]
 Computation of any period of time referred to in these rules begins with the first day following that on which the act which initiates such period of time occurs, and ends on the last day of the period so computed. This last day of that period is to be included unless it is a day on which the office of the commission is closed, in which event the period shall run until the end of the next following business day. When such period of time, with the intervening Saturdays, Sundays and legal holidays counted, is CT Page 15973 five (5) days or less, the said Saturday, Sundays and legal holidays shall be excluded from the computation; otherwise such days shall be included in the computation.
In the present case, the record indicates that the plaintiff, contrary to the commissions findings, did in fact fax a copy of her complaint to the commission on July 13, 1996, a Saturday. (ROR, Item 1.) The complaint at the bottom of each page contains a stamped printout by the commission's fax machine as being received on July 13, 1996 at 10:41 through 10:46. (ROR, Item 1.) The record further indicates and the parties do not dispute that the commission was closed for business on Saturday, July 13, 1996. Accordingly, pursuant to § 1-21j-15 of the Regulations of Connecticut State Agencies, the appeal period did not run until the end of the next following business day, Monday, July 15, 1996. The record indicates and the commission does not dispute that the plaintiffs appeal to the commission was received and filed with the commission on Monday, July 15, 1996. (ROR, Item 1.) Therefore, the plaintiffs administrative appeal was timely filed in accordance with General Statutes § 1-21i(b)(1).
Finally, in her amended complaint, the plaintiff requested costs and attorney's fees pursuant to General Statutes §4-184a(b). The plaintiff, however, failed to address this issue in her brief. Issues not briefed are deemed abandoned. Harris v.Correction Commissioner, 40 Conn. App. 250, 261 (1996); see alsoCollins v. Goldberg, 28 Conn. App. 733, 738 (1992) (stating issues raised in an appeal but not briefed are viewed as abandoned); Fleischer v. Kregelstein, 150 Conn. 158, 159 (1962). Nonetheless, the court will deny the plaintiffs request since the commission's action in this case was not undertaken without any substantial justification. See Nagy v. Employees' Review Board,249 Conn. 693, 708-09 (1999); Burinskas v. Department of SocialServices, supra, 240 Conn. 155-156.
Based on the foregoing, the plaintiffs administrative appeal is sustained and the case is hereby remanded for further proceedings.
Michael Hartmere, Judge