JOSEPH C. FALZONE, ADMINISTRATOR (ESTATE OF LINDA FALZONE) *v.* EDWIN P. GRUNER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 4—decided December 5, 1945.

*J. Warren Upson*, for the appellant (defendant).

· *John H. Cassidy*, with whom was *Walter W. Smyth*, for the appellee (plaintiff).

BROWN, J. The plaintiff, as administrator of the estate of Linda Falzone, brought this action to recover damages for her death from a fall upon a stairway in the defendant's building, of which she was a tenant, alleged to have been caused by the defendant's negligence. The jury returned a verdict for the plaintiff and the defendant has appealed. The decedent was tenant of an apartment occupied by her three adult children and herself on the second floor of the defendant's four-story, four-family tenement house in Waterbury. A common stairway with a right-angle turn near the top led from the first to the second floor. A lighting fixture served by a chain-pull switch was affixed to the wall above the stairs at this turn. On August 15, 1944, the sun set at 7:53 p. m. standard time. On that evening, in descending this stairway, the decedent, as she reached to pull on the light, slipped and fell to the bottom of the stairs, suffering fatal injuries. These facts are not in dispute.

The complaint alleges three grounds of negligence as a basis for recovery for the decedent's injuries and death from this fall. As so alleged and amplified by the plaintiff's claims of proof, one is for common-law

negligence in failing to provide light and in maintaining a dangerous condition incident to utilization of the only lighting fixture which was provided; another is for negligence in failing to comply with the requirement of § 2566 of the General Statutes that "the owner of each tenement house shall provide for the lighting of all public halls at night"; and the third is for negligence in failing to comply with a provision of an ordinance of the city of Waterbury that "The public halls and corridors in every . . . tenement house, occupied by four or more families, shall have gas or electric lights so located that the stairs and platforms shall be adequately lighted, and it shall be compulsory on the part of the owner of said building to keep said lights burning from sunset to sunrise." Ordinances of the City of Waterbury (1944), p. 170.

The defendant filed a special defense that the decedent as tenant had agreed as part consideration for the rent to turn the light on each evening, and that she was acting in pursuance of this agreement when she fell. After a demurrer to this defense was sustained, he filed a substituted answer in which he denied the essential allegations of the complaint and pleaded by way of special defense that the decedent was contributorily negligent in attempting to light the light and in so doing knowingly accepted the danger incident thereto. The plaintiff claimed that the decedent's fall occurred about an hour after sunset, that the stairway was dark and that the lighting fixture as maintained constituted a dangerous condition. The defendant claimed that the fall happened before sunset and before it was dark, that the lighting fixture was properly planned and installed and that the plaintiff was guilty of contributory negligence and assumed the risk in attempting to turn on the light.

Error is assigned in the court's ruling sustaining the

plaintiff's demurrer to the special defense as above recited. The defendant, by subsequently filing an entirely new answer, instead of merely a "second" or "additional special defense," obviated any necessity of considering the demurrer, for he thereby waived any right to a review of the ruling that the original special defense was defective. *West* v. *Lewis Oyster Co.*, 99 Conn. 55, 67, 121 Atl. 462; *Pettus* v. *Gault*, 81 Conn. 415, 418, 71 Atl. 509; Conn. App. Proc., § 24.

In its charge, the court, after instructing the jury that the failure of the defendant to provide a light as required by statute, if the proximate cause of the decedent's fall, would constitute actionable negligence, read the ordinance quoted above and commented upon it in words which they would reasonably understand to mean that a violation of it by the defendant would constitute negligence. The defendant had requested the court to charge that the board of aldermen of the city was without authority to pass such an ordinance imposing civil liability. Error is assigned in the refusal so to charge and in the charge as given. The charter of the city of Waterbury, pursuant to which the ordinance was adopted by its board of aldermen, contains the express limitation that "nothing herein contained shall authorize said board of aldermen to enact any ordinances upon any matter which is regulated by any public statute." 21 Spec. Laws 572. Section 2566 of the General Statutes, from which we have quoted above, does regulate the lighting of such a tenement house hallway as was here in question. Therefore the enactment of the recited provision of the ordinance was abortive as an attempt in violation of this explicit prohibition of the charter. In so far as the charge indicated that a violation of the ordinance would justify a recovery, it was erroneous.

Several of the defendant's assignments of error re-

late to the court's instructions concerning the defendant's duty to provide light. Differentiating between the duty resting upon him at common law and that existing under the "mandatory provisions" of the statute, the court repeatedly indicated to the jury that the former was one calling for the exercise of reasonable care to provide light, while the latter involved an absolute duty to provide it. This instruction related to a vital issue in the case and constituted reversible error. The correct rule, as enunciated by this court, is that under the statute the landlord is under a duty to make provision for lighting hallways in tenement houses at night and to use reasonable care and diligence to keep the lights on. *Iudica* v. *DeNezzo,* 115 Conn. 233, 238, 161 Atl. 81; *McNulty* v. *Sherman Realty Corporation,* 123 Conn. 335, 336, 194 Atl. 726. Since the complaint alleged three different grounds of negligence as a basis of recovery for the decedent's fall, the defendant is not prevented by the general verdict from taking advantage of error as to one of these grounds. *Ziman* v. *Whitley,* 110 Conn. 108, 116, 147 Atl. 370.

Error is assigned in two rulings upon evidence. As to the first, the question whether, before the decedent had become a tenant, the defendant turned the light on each night was neither material to prove reasonable care on his part at the time of the accident nor in support of his substituted special defense, and was properly excluded. So also was the defendant's line of inquiry seeking to show his conversation with the decedent's daughter concerning the claimed agreement to turn on the light, likewise claimed in support of this special defense, for no claim was made that she was her mother's agent. The court's denial of the defendant's motion for a mistrial on the ground of improper argument to the jury by counsel for the plaintiff is assigned as error. Counsel's reference to the possible

effect of the decedent's death upon the feelings of her "wounded son . . . upon returning from military service" was obviously irrelevant and improper. In view of the court's caution to the jury to dismiss this reference from their minds, however, we cannot say that its denial of the motion amounted to an abuse of its discretion rendering its ruling erroneous. *DeLucia* v. *Kneeland*, 108 Conn. 191, 193, 142 Atl. 742; *Weller* v. *Fish Transport Co., Inc.*, 123 Conn. 49, 60, 192 Atl. 317.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.