RAYMOND R. FERRI, JR. *v.* MARSHALL F. SMITH

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued February 5—decided March 12, 1964

*Vincent Villano,* for the appellant (plaintiff).

*William B. Fitzgerald, Jr.,* with whom, on the brief, was *William B. Fitzgerald,* for the appellee (defendant).

SHEA, J. The plaintiff brought this action to recover damages for personal injuries resulting from an automobile accident alleged to have been caused by the negligence of the defendant. At the conclusion of the evidence, the court directed a verdict for the defendant. The plaintiff's motion to set aside the verdict was denied, and the plaintiff has appealed from the judgment.

From the evidence, the jury could have found the following facts: On December 27, 1959, about 9 p.m., the plaintiff was driving an automobile easterly on route 68, a public highway in Prospect. Route 68 has an asphalt surface about thirty feet wide and dirt shoulders about three or four feet wide. As the road continues easterly, there is a downgrade for about 1000 feet or more to Core Road, which intersects route 68 on its southerly side. On the night in question, it was drizzling, the surface of the road was icy, and driving was hazardous. The plaintiff's car was equipped with new tires. The windshield wipers were working, the heater and blower were on, the lights were on high beam, and visibility was good. The plaintiff started down the grade at a speed of about twelve to fifteen miles per hour. His car slid to its right onto the dirt shoulder for about one car length. Suddenly there was a bang, the plaintiff saw a flash of light from behind, and the next thing he knew someone was helping him up from the middle of the road. Just before the impact the plaintiff could

see, ahead of him, the lights of a pick-up truck, which was also going in an easterly direction. He saw no other cars on the highway. The collision occurred about one hundred feet west of Core Road. After the impact, the plaintiff's car was found on the north side of route 68 with its front end in the middle of the road, facing south, opposite the entrance of Core Road. The defendant's car was found forty or fifty feet west of the plaintiff's car at the extreme north shoulder of the road heading west. Neither the plaintiff nor the three passengers in his car saw the defendant's car before the collision. The left rear of the plaintiff's car and the left front of the defendant's car were badly damaged.

From these facts it is impossible to determine how the collision occurred, except that the left rear side of the plaintiff's car came into contact with the left front of the defendant's car. In his complaint, the plaintiff alleged that his car was struck in the rear by the defendant's automobile, but there was no evidence to support this averment; nor was there any evidence from which the jury would be entitled to infer that the collision occurred in this manner. On the other hand, the defendant testified he was going westerly, up the grade approaching the plaintiff's car, which was fishtailing down the hill. The defendant slowed down and pulled to his right as far as possible, but the left rear of the plaintiff's car swung into the defendant's lane, causing the collision, which the defendant was unable to avoid. The jury could not, from a disbelief of the defendant's testimony, infer that the plaintiff's averment was correct. *Peters* v. *Billick,* 147 Conn. 699, 703, 166 A.2d 146.

The plaintiff's theory of the case, according to his complaint, was that the defendant negligently struck

him from behind. This theory is wholly unsupported by any evidence. It was the plaintiff's duty to establish negligence by sufficient evidence to remove the issue from the field of surmise and conjecture. *Chasse* v. *Albert,* 147 Conn. 680, 683, 166 A.2d 148. Here, there was nothing to show that the defendant was negligent as alleged in the plaintiff's complaint. Had the case been submitted to the jury, and had a verdict been returned for the plaintiff, the court would have been required to set it aside. *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547, 135 A.2d 597. Under these circumstances, the court did not err in directing a verdict for the defendant.

There is no error.

In this opinion the other judges concurred.