WALTER NOVAK, ADMINISTRATOR (ESTATE OF WALTER J. NOVAK) *v.* LAWRENCE ANDERSON ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 8—decision released July 24, 1979

*David M. Reilly, Jr.,* for the appellants (defendants).

*William F. Gallagher,* with whom, on the brief, were *Joseph M. Delaney* and *John Carrozzella,* for the appellee (plaintiff).

[2] Repealed as of July 1, 1979.

PER CURIAM. In a substituted complaint dated February 2, 1977, the plaintiff, as administrator, sued to recover damages for the wrongful death of the plaintiff's decedent allegedly caused by the negligence of the named defendant, Lawrence Anderson. The case was tried to a jury which returned a plaintiff's verdict. From the judgment rendered thereon the defendants have taken this appeal.

The plaintiff's decedent died as a result of injuries received in a collision between a motorcycle operated by the decedent and an automobile operated by the defendant. The collision occurred at the intersection of Pratt and Cedar Streets in the city of Meriden. One of the specifications of negligence in the plaintiff's complaint, submitted to the jury by the court, was that the defendant operator had "failed to give a signal of his intention to make the [left] turn" at the intersection.

In their appeal, the defendants claim that the court erred in submitting that specification to the jury on the ground that the plaintiff had presented no evidence to support his allegation that the defendant had failed to signal. The defendants claim that the court further erred in instructing the jury on the issue of the signal that "[it's] a matter for you to decide on the evidence and a question of course of the credibility of the witness [Anderson] also." The defendants contend that in so instructing the jury, the court, in effect, instructed the jurors that they could disbelieve the defendant's testimony and that their rejection of the defendant's testimony would raise an issue of fact permitting them to find as proven the allegation in the complaint that the defendant had failed to signal.

An examination of the entire record in the present case reveals that there was no evidence before the jury on the issue of the defendant's alleged failure to signal other than the testimony of the defendant that he did give a left turn signal.

It is established law that it is error for a court to submit to the jury an issue which is wholly unsupported by the evidence. *State* v. *Rose,* 169 Conn. 683, 687, 363 A.2d 1077. While it is true that it is within the province of the jury to accept or reject a defendant's testimony, a jury in rejecting such testimony cannot conclude that the opposite is true. *Walkinshaw* v. *O'Brien,* 130 Conn. 151, 153, 32 A.2d 639; *Edwards* v. *Grace Hospital Society,* 130 Conn. 568, 575, 36 A.2d 273. A jury cannot, from a disbelief of a defendant's testimony, infer that a plaintiff's allegation is correct. *Ferri* v. *Smith,* 151 Conn. 481, 483, 199 A.2d 331; *Snyder* v. *Pantaleo,* 143 Conn. 290, 294, 122 A.2d 21; *Frisbie* v. *Schinto,* 120 Conn. 412, 181 A. 535; *Ziman* v. *Whitley,* 110 Conn. 108, 147 A. 370.

We conclude therefore that the trial court erred in submitting to the jury as a question of fact the issue of the defendant's alleged failure to signal.

Moreover, when, as here, there is but one cause of action and there is error in submitting to the jury one of the specifications relating to that cause of action, a general verdict will not cure the error. *McDonough* v. *Lenox Theater Co.,* 143 Conn. 646, 648, 124 A.2d 520; *Falzone* v. *Gruner,* 132 Conn. 415, 419, 45 A.2d 153.

There is error, the judgment is set aside and a new trial is ordered.