## STANLEY ROPIAK v. RICHARD J. O'LEARY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1112

Argued April 21—decided December 17, 1982

*Steven M. Reilly,* for the appellant (plaintiff).

*Steven P. Floman,* for the appellee (defendant).

COVELLO, J. The plaintiff brought this action to recover for property damage resulting from an automobile collision. The defendant denied the material allegations of the complaint and claimed by way of special defense that the plaintiff's operator caused the accident through her own negligence.

The court found that on October 2, 1978, at 6 p.m. the plaintiff's wife was proceeding easterly in the family car on Edward Street, New Haven, at a point near its intersection with Whitney Avenue. At the same time, the defendant was driving southerly on Whitney Avenue near the Edward Street intersection. Both vehicles entered the intersection and a collision occurred.

Movement of traffic into the intersection of Edward Street and Whitney Avenue is regulated by an overhead traffic control signal. Both operators claimed that the light was green for traffic moving in their direction of travel. Each asked the court, based on his claim that the light was green for him, to infer that the other party had gone through a red light and was, therefore, negligent. The court rejected both claims and concluded that each operator had gone through a red light. The court, therefore, found the operators equally negligent, applied the doctrine of comparative negligence[1] and rendered judgment for the plaintiff to recover one half of the amount of his loss. The plaintiff has appealed.

The plaintiff contends that since each operator testified that the light was green, the court was bound to accept one version or the other and award either full damages or no damages at all. The plaintiff argues that the court, in rejecting each party's claim and concluding that the opposite was true, drew an impermissible inference unsupported by the evidence. In so arguing, the plaintiff relies on the proposition that a trier, in rejecting one party's factual claim, may not by that act

[1] General Statutes § 52-572h provides: "NEGLIGENCE ACTIONS. DOCTRINES APPLICABLE. (a) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering."

alone, infer that the opposite is true. *Novak* v. *Anderson,* 178 Conn. 506, 508, 423 A.2d 147 (1979) (evidence by defendant that he made a turn signal did not permit jury to find opposite where plaintiff introduced no testimony that defendant did not signal before turning); *Ferri* v. *Smith,* 151 Conn. 481, 483, 199 A.2d 331 (1964) (mere disbelief of defendant's testimony that plaintiff crossed center line did not permit inference that defendant was negligent where plaintiff presented no evidence of cause of collision); *Snyder* v. *Pantaleo,* 143 Conn. 290, 294, 122 A.2d 21 (1956) (by rejecting testimony of defendant's expert witness jury could not infer that defendant failed to use due care in absence of any such evidence by plaintiff). The present case, however, is distinguishable from these authorities by the fact that there was other direct evidence which supports the court's finding, and the conclusion here does not rest solely on the rejection of the respective parties' testimony.

The investigating officer testified that after the accident, he found the traffic control signal in working order. He further testified that for eastbound traffic on Edward Street, the signal displayed three different lights—red, amber and green. He also testified that for southbound traffic on Whitney Avenue, the signal displayed four different lights—red, amber, green and a green arrow which pointed east. The officer testified that when the green arrow was lit for southbound traffic on Whitney Avenue, the red globe was simultaneously lit for both southbound traffic on Whitney Avenue and eastbound traffic on Edward Street. This was precisely the condition that the court found existed in concluding that the light was red for both drivers.

"Triers of fact must often necessarily rely on circumstantial evidence and draw inferences from it. . . . The facts from which the trier is asked to draw the inferences must, however, afford a basis for them, in reason and logic. . . . The test of the sufficiency of

proof by circumstantial evidence is whether rational minds could reasonably and logically draw the inference." *Cayer* v. *Salvatore,* 150 Conn. 361, 363–64, 189 A.2d 505 (1963).

Since there was objective, extrinsic evidence that the traffic control signal could be simultaneously red in both directions, the factual conclusion that each party entered the intersection against a red light is not based solely on the rejection of the respective parties' claims but is a reasonable inference drawn from specific facts found in the evidence. Such a factual conclusion must, therefore, stand.

There is no error.

In this opinion BIELUCH and SPADA, Js., concurred.