LAURETTA SAUERWEIN *v.* JAMES BELL ET AL.
(6027)

BORDEN, DALY and O'CONNELL, Js.

Argued October 13, 1988—decision released March 21, 1989

*Stefan Underhill,* with whom, on the brief, were *Peter M. Nolin* and *William J. Hanlon,* for the appellants (defendant Arthur James et al.).

*Timothy G. Atwood,* for the appellee (plaintiff).

O'CONNELL, J. The defendants Consolidated Freightways, Inc., and Arthur James appeal from the judgment rendered on a jury verdict in favor of the plaintiff in this personal injury action resulting from an automobile accident. The defendants claim that the trial court erred (1) in denying their motion to set aside the

verdict, (2) in instructing the jury that Arthur James was the operator of the vehicle at issue, (3) in submitting the issue of whether the defendants had violated General Statutes § 14-251 to the jury, and (4) in improperly instructing the jury concerning the plaintiff's burden of negating the exceptions found in § 14-251. We find error.

The jury could reasonably have found the following facts. On February 11, 1981, at approximately 9 a.m., the plaintiff was traveling west on Route 1 in Stamford when she noticed a large white tractor trailer truck parked along the north curb of Route 1 (also known as East Main Street), near its intersection with Standish Road. The truck, which was owned by the defendant Consolidated Freightways and driven by its employee, the defendant Arthur James, was parked in such a way as partially to obstruct the right lane of the two westbound lanes of Route 1 and to block the view of the intersection. As the plaintiff passed the parked truck and approached Standish Road, a car driven by the defendant James Bell suddenly came into view in front of her car and the two vehicles collided.

The defendants first claim that the trial court erred in instructing the jury that Arthur James, an employee of Consolidated Freightways, had parked the truck in question. They also contend that the trial court should have granted their motion to set aside the verdict because the plaintiff failed to prove that James had parked that truck. Due to the similar nature of these claims, we will address them together.

The defendants' answer admitted that on February 11, 1981, at approximately 9 a.m., Arthur James was the operator of a commercial vehicle owned by Freightways Consolidated, Inc.[1] It also admitted that,

---

[1] The defendants waived this inaccuracy in the corporate defendant's name.

at 9 a.m. on Route 1, approaching the intersection of East Main Street and Standish Road, Arthur James was acting as its agent, servant or employee. They denied that at that time and place Arthur James negligently parked the truck he was operating so as to obstruct the intersection and interfere with the ability of drivers to see traffic approaching the intersection and that he violated General Statutes § 14-251.[2]

---

[2] "[General Statutes] Sec. 14-251. PARKING VEHICLES. No vehicle shall be permitted to remain stationary within ten feet of any fire hydrant, or upon the traveled portion of any highway except upon the right-hand side of such highway in the direction in which such vehicle is headed; and, if such highway is curbed, such vehicle shall be so placed that its right-hand wheels, when stationary, shall, when safety will permit, be within a distance of twelve inches from the curb. No vehicle shall be permitted to remain parked within twenty-five feet of an intersection or a marked crosswalk thereat, or within twenty-five feet of a stop sign caused to be erected by the traffic authority in accordance with the provisions of section 14-301. No vehicle shall be permitted to remain stationary upon the traveled portion of any highway at any curve or turn or at the top of any grade where a clear view of such vehicle may not be had from a distance of at least one hundred and fifty feet in either direction. The commissioner of transportation may post signs upon any highway at any place where the keeping of a vehicle stationary is dangerous to traffic, and the keeping of any vehicle stationary contrary to the directions of such signs shall be a violation of this section. No vehicle shall be permitted to remain stationary upon the traveled portion of any highway within fifty feet of the point where another vehicle which had previously stopped, continues to remain stationary on the opposite side of the traveled portion of the same highway. No vehicle shall be permitted to remain stationary within the limits of a public highway in such a manner as to constitute a traffic hazard or obstruct the free movement of traffic thereon, provided a vehicle which has become disabled to such an extent that it is impossible or impracticable to remove it may be permitted to so remain for a reasonable time for the purpose of making repairs thereto or of obtaining sufficient assistance to remove it. Nothing in this section shall be construed to apply to emergency vehicles and to maintenance vehicles displaying flashing lights or to prohibit a vehicle from stopping, or being held stationary by any officer, in an emergency to avoid accident or to give a right of way to any vehicle or pedestrian as provided in this chapter, or from stopping on any highway within the limits of an incorporated city, town or borough where the parking of vehicles is regulated by local ordinances. Violations of any provision of this section shall be an infraction."

A Stamford police officer who witnessed the accident testified that a white tractor trailer truck with Consolidated Freight or Freightways painted on it in green letters was parked in the traveled portion of the roadway, adjacent to a no parking sign, and that it obstructed the view of approaching traffic. There was no testimony from him or any other witness that any other Consolidated Freightways vehicle was in the vicinity.

The defendants correctly point out that there was no evidence of the truck driver's name. The officer testified that the driver was not in his truck at the time of the collision but arrived shortly thereafter. On cross-examination, the officer described the driver's physical appearance. The issue of the driver's identity, however, was not raised until the conclusion of the plaintiff's case when the defendants moved the court to dismiss the action and direct a verdict in their favor. The motion was denied and without putting on evidence, the defendants rested.

The court instructed the jury that "the plaintiff alleged in the amended complaint that Arthur James was the driver of the tractor trailer owned by the defendant, Consolidated Freightways, Inc., and that particular allegation has been admitted." In their exceptions to this portion of the charge, the defendants argued that the court misstated their admissions and left the jury with the mistaken impression that the defendants admitted that James had parked the truck that caused the accident. The trial court responded by stating: "It's admitted. . . . It is your truck as far as I heard from all the evidence in this case, from the evidence of the police officer, his description of this man and how he came out . . . . I feel as though the pleadings are controlling in this case, and leaving the complaint can only establish that it was your truck." We agree with the court.

" 'The interpretation of pleadings is always a question of law for the court. . . .' " (Citation omitted.) *Cahill* v. *Board of Education,* 198 Conn. 229, 236, 502 A.2d 410 (1985). In view of the defendants' admissions and the evidence presented, the court correctly interpreted the defendants' pleadings to indicate that they were disputing whether James *acted negligently* in parking the truck, not *whether James was the person who parked the truck.* Furthermore, the defendants did not file a request that the court charge on the identity of the driver. We conclude that it was not error to instruct the jury to that effect or to deny the motion to set aside the verdict.

The remaining claims of error involve the court's instructions concerning General Statutes § 14-251 which establishes rules for parking on state highways. The defendants argue that the court erred in submitting the issue of statutory negligence pursuant to General Statutes § 14-251 to the jury because the plaintiff failed to introduce evidence establishing the statute's applicability to this case.

General Statutes § 14-251 excludes certain vehicles and situations from its application and it expressly exempts any highway within the limits of an incorporated city, town or borough where the parking of vehicles is regulated by local ordinances.

"Where an exception forms an integral part of . . . a statute which creates a right, it becomes a limitation upon that right, and a plaintiff, to avail himself of the benefit of the statute, must show that he comes within the limited class for whose benefit the right was established, the burden of proof in this respect being upon him"; *Goodwin* v. *Giovenelli,* 117 Conn. 103, 107, 167 A. 87 (1933); unless the defendant pleads the benefit

of the exception as an affirmative defense.[3] Id.; see also *Hanson* v. *Carroll,* 133 Conn. 505, 507, 52 A.2d 700 (1947).

In the present case, the defendants did not claim that this action fell within an exception to § 14-251. Furthermore, the plaintiff concedes that she failed to introduce evidence to negate the applicability of any exception in the statute, including whether the location of the defendant's truck was governed by the statute or by an ordinance of the city of Stamford. As a result, we conclude that she failed to meet her burden of proving statutory negligence and she was not entitled to an instruction on this claim. " ' "It is established law that it is error for a court to submit to the jury an issue which is wholly unsupported by the evidence. . . ." ' " (Citation omitted.) *McGloin* v. *Southington,* 15 Conn. App. 668, 677, 546 A.2d 906 (1988) quoting *Novak* v. *Anderson,* 178 Conn. 506, 508, 423 A.2d 147 (1979).

The plaintiff contends that despite this error in the court's charge, the general verdict rule precludes remanding this case for a new trial. The rule provides that where distinct causes of action have been pleaded and a general verdict has been rendered, it is presumed that each cause had been decided in favor of the prevailing party. *Pedersen* v. *Vahidy,* 209 Conn. 510, 512, 552 A.2d 419 (1989). It does not apply, however, where the plaintiff alleges different grounds of negligence as a basis for recovery because such grounds are often so intertwined that it is difficult to formulate interrogatories and for the jury to consider them separately. *Fin-*

---

[3] If the defendants had pleaded the benefit of an exception in General Statutes § 14-251 as a defense, they would then have had the burden of proving that they came within the limited class for whose benefit the exception was established. *Conservation Commission* v. *Price,* 193 Conn. 414, 424, 479 A.2d 187 (1984); *Aaron* v. *Conservation Commission,* 183 Conn. 532, 549, 441 A.2d 30 (1981).

*ley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 202, 520 A.2d 208 (1987); *Ziman* v. *Whitley,* 110 Conn. 108, 114-15, 147 A.2d 370 (1929); see also *Pederson* v. *Vahidy,* supra; *Velardi* v. *Selwitz,* 165 Conn. 635, 642, 345 A.2d 527 (1974).

The plaintiff argues, contrary to the established authority concerning negligence cases and the general verdict rule, that her common law claim and her statutory claim, as set forth in the fourth count of her complaint, are two distinct causes of action because she is relying on separate legal grounds. Moreover, she contends that the present case is not a situation where it would have been difficult for the defendants to formulate interrogatories and for the jury to consider them.

A similar argument was made in *Velardi* v. *Selwitz,* supra, 641. There, the plaintiff also asserted common law and statutory negligence in a single count. Our Supreme Court found error in the court's charge on the latter and stated that the application of the general verdict rule in such cases was governed by *Ziman* v. *Whitley,* supra. *Ziman* held that " '[w]here . . . different specifications of fact are alleged in support of one essential right, as where various grounds of negligence are alleged as a basis for a recovery for injuries resulting from a particular accident, it is the sounder policy to permit an appellant to take advantage upon appeal of errors affecting one specification of negligence only, even though no interrogatories have been submitted." Id., 116. See also *Falzone* v. *Gruner,* 132 Conn. 415, 419, 45 A.2d 153 (1945). Hence, the plaintiff's argument is without merit and a new trial is required.

During oral argument, the plaintiff suggested that if we found reversible error, we should remand only on the issue of liability. While it is true that we may restrict a new trial to specific issues, such an order is

the exception, not the rule. *Fazio* v. *Brown,* 209 Conn. 450, 455, 551 A.2d 1227 (1988); *Niles* v. *Evitts,* 16 Conn. App. 696, 699, 548 A.2d 1352 (1988). It is warranted only " '[w]here the error as to one issue or issues is separable from the general issues . . . [and] such . . . limitation does not work injustice to the other issues or the case as a whole.' " *Fazio* v. *Brown,* supra, quoting *Murray* v. *Krenz,* 94 Conn. 503, 507, 109 A. 859 (1920).

In the present case, we are unable to discern whether the jury's verdict reflected its finding that the defendants' actions constituted common law negligence, statutory negligence, or both. In addition, the defendants' liability is not clear-cut because the jury found the plaintiff 25 percent contributorily negligent and reduced its verdict accordingly. Therefore, the issues of liability and damages are "inextricably interwoven" and both must be retried to avoid injustice. *Fazio* v. *Brown,* supra, 456–57.

There is error. The case is remanded for a new trial on all issues of liability and damages.

In this opinion DALY, J., concurred.

BORDEN, J., dissenting. I disagree with the majority that the trial court correctly interpreted the pleadings to mean that the defendants did not dispute that Arthur James parked the truck in question. I conclude from the pleadings that the defendants denied that James parked the truck, and that, therefore, the trial court erred in failing to direct a verdict for the defendants. I therefore dissent.

It is undisputed that there was no evidence whatsoever in this trial on the identity of the person who parked the truck. It also is undisputed that the plaintiff's cause of action against the defendant Consolidated Freightways, Inc., (Consolidated) is wholly derivative

based on the claim that James, its employee, was negligent in parking the truck owned by Consolidated at the time and place in question. Thus, it was essential for the plaintiff to prove, or otherwise validly establish, that James parked Consolidated's truck there and then.

Although she could have done so, the plaintiff did not request the defendants to admit, pursuant to Practice Book § 238, that James had parked the truck owned by Consolidated at the time and place in question, nor did she present James as a witness. She did not seek to introduce a copy of any records of Consolidated that would have indicated the identity of the driver of the parked truck, or seek to introduce a copy of any motor vehicle accident report that the driver of the parked truck may have filed. Furthermore, there was testimony from one of the investigating police officers that he issued a parking citation to the driver of the truck that was parked there, but the plaintiff did not elicit from the officer the name of the driver or the owner of the truck, or offer a copy of the citation.

The majority's sole reliance for the plaintiff's establishment of this element is a purported judicial admission in the pleadings that James, acting within the scope of his employment, parked Consolidated's truck. The majority reads the defendants' pleadings as admitting that James *parked* the truck but denying that he did so *negligently*. This interpretation unduly strains the meaning of the defendants' pleadings and penalizes them for an ambiguity that is solely of the plaintiff's making.

The defendants admitted paragraphs two and three of the plaintiff's amended complaint, which alleged in effect that, at approximately 9 a.m. on February 11, 1981, at the intersection of East Main Street and Standish Road in Stamford, the "defendant, ARTHUR JAMES, of New Haven, Connecticut, was the opera-

tor of a commercial vehicle owned by defendant, FREIGHTWAY CONSOLIDATED, INC., a corporation with an office and place of business at 56 Keeler Avenue, Norwalk, Connecticut," and that "[a]t said time and place, the defendant, ARTHUR JAMES, was acting as the agent, servant and/or employee of the defendant, FREIGHTWAY CONSOLIDATED, INC., and was acting within the scope of his authority as an agent, servant and/or employee." These admissions can be taken to mean no more than that, at the time and place in question, James was operating a commercial vehicle owned by Consolidated within the scope of his employment. They say nothing about whether James parked such a vehicle or that, if he did, he was negligent.

The operative paragraph of the pleadings is paragraph four of the amended complaint, which reads in its entirety as follows: "4. At said time and place, defendant, ARTHUR JAMES, *negligently parked* the truck he was operating in such a manner so as to obstruct the intersection of East Main Street and Standish Road and to obstruct and interfere with the ability of drivers on either of such roads to see traffic approaching the intersection. Defendant James' actions in so parking his vehicle were in violation of Section 14-251 of the Connecticut General Statutes." (Emphasis added.) The defendant's response to these allegations was as follows: "The defendants deny [paragraph] 4 . . . ." This can mean only that the defendants denied each and every part of paragraph four of the amended complaint. That, in turn, can mean only that, in denying the allegation that James "negligently parked" the truck he was operating, they denied that he both parked the vehicle he was operating, and did so negligently. Indeed, the plaintiff's amended complaint never even alleged that James was operating a

"truck" owned by Consolidated; it alleged, and the defendants admitted, only that he was operating a "commercial vehicle" owned by Consolidated.

I do not understand how the majority can read a denial that James "negligently parked" a vehicle so as to render that denial as an admission that he parked it, but as a denial of negligence in doing so. It is true that, when used in different contexts, words can take on different colorations and meanings. See *DeWitt* v. *John Hancock Mutual Life Ins. Co.,* 5 Conn. App. 590, 594, 501 A.2d 768 (1985). ("As Justice Holmes wrote, '[a] word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and' time in which it is used.' *Towne* v. *Eisner,* 245 U.S. 418, 425, 38 S. Ct. 158, 62 L. Ed. 372 [1918].") Surely that does not mean, however, that the defendants' use of the word "deny" can mean "admit and deny." Yet that, it seems to me, is the result of the majority's reasoning.

Furthermore, if there is an ambiguity in the pleadings, it does not arise from the defendants' use of words. They had the right to controvert in good faith the allegations of paragraph four of the amended complaint. Practice Book § 160. Any ambiguity there may be—and I see none—arises solely from the plaintiff's amended complaint. It is wholly unwarranted, in my view, to place the penalty for such an ambiguity on the defendants, particularly when that penalty amounts to a judicial admission of an essential factual element of the plaintiff's cause of action.

I also am unable to understand the import of the majority's argument that the defendants did not request a jury charge on the driver's identity, and that the "pleadings and the evidence *permitted the jury to infer* that Arthur James parked the truck which caused the accident and the trial court did not err *in instruct-*

*ing the jury to that effect."* (Emphasis added.) The defendants had no obligation to request a jury charge on the driver's identity, since they claimed that the court, as a matter of law, should have directed a verdict due to the failure of the plaintiffs to prove that identity. Moreover, the court's jury charge did not permit the jury to infer that James parked the truck; it required the jury to find that fact by instructing the jury that the defendants had judicially admitted it.

I agree with the majority that the interpretation of pleadings is always a question of law for the court. *Cahill* v. *Board of Education,* 198 Conn. 229, 236, 502 A.2d 410 (1985). That means also, of course, that our review of the trial court's interpretation of the pleadings is a question of law, our scope of review is plenary, and the trial court's interpretation is not entitled to deference on our part. See *Grady* v. *Schmitz,* 16 Conn. App. 292, 295–96, 547 A.2d 563 (1988); *Iamartino* v. *Avallone,* 2 Conn. App. 119, 125, 477 A.2d 124, cert. denied, 194 Conn. 802, 478 A.2d 1025 (1984). Although in interpreting pleadings the court is to do so reasonably so as to give effect to their general theory and to do substantial justice between the parties, essential factual allegations may not be supplied by conjecture or remote implication. *Cahill* v. *Board of Education,* supra. The majority has so supplied what the plaintiff neglected to prove.

It is true that "[u]nder modern rules of pleading, slight linguistic ambiguity should not be fatal to a cause of action"; *Schenck* v. *Pelkey,* 176 Conn. 245, 255, 405 A.2d 665 (1978); and that pleadings should be read "broadly and realistically, rather than narrowly and technically." *Krattenstein* v. *Thomas,* 7 Conn. App. 604, 610, 509 A.2d 1077 (1986). Those principles do not mean, however, that the plaintiff was no longer required to prove her case as pleaded; *Cahill* v. *Board of Education,* supra; or that the defendants' denial of

the essential facts pleaded by the plaintiff can somehow be bifurcated into an admission and denial. That, however, is what the majority says happened in this case.