[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#125)
The plaintiff, Judy Prescott, brings this action seeking damages and injunctive relief from the defendant, Northeast Utilities, based on allegations that she suffered damages as a result of the defendant's use of an easement which traverses her property. The plaintiff alleges that the defendant's installation in 1987 of additional towers, poles and wires on the plaintiff's property caused harmful electromagnetic fields (EMFs) to be emitted on the property for the first time thereby imposing new and additional burdens on the plaintiff's servient estate.
The plaintiff's amended complaint, filed on March 20, 1995, contains the following causes of action: trespass (Count I); abandonment of easement (Count II); nuisance (Count III); and inverse condemnation (Count IV). On April 20, 1995, the defendant filed an answer and three special defenses. In the first special defense, directed at Counts I and III of the amended complaint, the defendant alleges that the plaintiff's trespass and nuisance claims are barred by the three year statute of limitations (General Statutes § 52-577). In the second special defense, the defendant alleges that the plaintiff's claim for injunctive relief is barred by the doctrine of laches. In the third special defense, the defendant alleges that the plaintiff is estopped from bringing this action by virtue of a duly recorded deed with a grant of easement from a predecessor in title.
On June 21, 1995 the defendant filed a motion for summary judgment (#125), supported by a memorandum of law and transcripts of the plaintiff's deposition testimony. The defendant moves for summary judgment on the plaintiff's trespass and nuisance claims (Counts I and III respectively) on the ground that they are barred by the statute of limitations. The defendant also moves for summary judgment as to the plaintiff's claim for injunctive relief, on the ground that it is barred by the doctrine of laches.
On July 17, 1995 the plaintiff filed a memorandum in opposition supported by certified transcripts of deposition testimony. On October 5, 1995 the defendant filed a reply memorandum. CT Page 13945
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any [issue of] material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . . Miller v. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995).
A. Whether the plaintiff's trespass and nuisance claims arebarred by the statute of limitations.
The defendant, in moving for summary judgment, argues that the plaintiff's trespass and nuisance claims are time barred because they were not brought within the three year limitations period provided by General Statutes § 52-577. Section 52-577
provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Thus, the defendant argues that the 1987 installation of poles and wires on the easement is the relevant "act or omission," and that 1987 is the date when the plaintiff allegedly sustained damages as a result of the increased EMFs.
In response the plaintiff argues that the defendant has engaged in a continuous course of conduct, as the expanded use of the easement has resulted in a continuing trespass and nuisance in the form of continuous emissions of high-level EMFs. Thus, the plaintiff argues that the increased EMFs are the source of the alleged continuous trespass and nuisance.
"[T]o support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after the commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been CT Page 13946 evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (citations omitted.) Blanchette v. Barrett, 229 Conn. 256, 275, 640 A.2d 74
(1994).
Generally, "[a] statute which establishes a limitations period in an action for trespass to real property commences running at the occurrence of the first actual damages. The statute runs, in the case of a trespass or physical invasion of the surface of another's land, from the time of the unlawful entry." 75 Am.Jur.2d, Trespass, § 200. However, "[w]here a trespass is a continuing one, and not of that class of permanent appropriations to be assessed for all time at once, there may be successive actions for each continuance of the trespass." Id., § 114. "A continuing trespass upon real property creates separate causes of action, which are barred only by the running of the statute against the successive trespasses, and not by the running of the statute from the time of the original trespass." Id., § 201.
In the present case, the defendant relies on the plaintiff's deposition testimony as evidence of the nonexistence of any genuine issue of material fact. At best, the plaintiff's deposition establishes only that the easement was expanded in 1987 by the installation of additional poles, towers and wires. Thus, there is no evidence which would allow the court to determine whether the trespass and nuisance, allegedly caused by the increased EMFs, constitutes a discrete "act or omission" (which occurred in 1987), or a continuing trespass. Accordingly, the court denies the defendant's motion for summary judgment with respect to the plaintiff's trespass and nuisance claims.
B. Whether the plaintiff's claim for injunctive relief is barredby the doctrine of laches.
"`Laches consists of an excusable delay which prejudices the defendant.' Danaher v. C.N. Flagg Co., 181 Conn. 101, 107,434 A.2d 944 (1980). `Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant.' Kurzatowski v.Kurzatowski, 142 Conn. 680, 685, 116 A.2d 906 (1955). Absent prejudice to the defendant, the mere lapse of time does not constitute laches. Emerick v. Emerick, 28 Conn. App. 794, 804, CT Page 13947613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171
(1992)." Giordano v. Giordano, 39 Conn. App. 183, 213, (1995). "A conclusion that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by [the] court, unless subordinate facts found make such a conclusion inevitable as a matter of law." (citation omitted).Federal Deposit Ins. Co. v. Voll, 38 Conn. App. 198, 211,660 A.2d 358 (1995).
In the present case the expanded use of the easement began in 1987 and the plaintiff commenced suit on July 5, 1994. The plaintiff, based on her testimony, first became aware of the potential hazards associated with EMFs in 1987. In November 1992, a study commissioned by the Government of Sweden found a statistical correlation between EMFs and certain cancers. See Nichols, The Law of Eminent Domain, Power Lines and Electromagnetic Fields (1993), § 26.01[1]. Prior to this study, any correlation between EMFs and health risks was speculative at best. Id.
While the plaintiff waited seven years to commence suit, the court cannot rule that this delay constitutes laches as a matter of law, because prior to 1992, it was not conclusively established that EMFs posed a health risk to people who live in close proximity to their source. Thus, in 1987, when the expanded use of the easement began, there was an absence of reliable evidence, in the form of a statistical correlation between EMFs and health risks, upon which the plaintiff could have based her claims for equitable relief. Therefore, the seven year period between the expansion of the easement and the commencement of the law suit was not per se unreasonable or inexcusable. Moreover, the defendant has failed to present evidence as to whether it was prejudiced by the delay. Accordingly, the court denies the defendant's motion for summary judgment with respect to the plaintiff's claim for injunctive relief.
BALLEN, JUDGE. CT Page 13948