[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8895
FACTS
On March 1, 1995, the plaintiff, Kevin Piccolo, filed a four count complaint against the defendant, Connecticut Light and Power Company ("CLP"), claiming relief based on (1) nuisance, (2) trespass, (3) inverse condemnation and violation of General Statutes § 16-234.[1]
The plaintiff alleges the following facts in his complaint. The plaintiff resides at Eight Hickory Hill Road in Branford, Connecticut. CLP owns a one hundred ten foot wide easement across the plaintiff's property for the transmission of electric current. Approximately fifty feet from the rear of the plaintiff's home, CLP owns and operates one or more 115 kilovolt power lines. CLP's power lines emit an electromagnetic field ("EMF"), which crosses the easement and penetrates the plaintiff's residence.
The plaintiff also claims that the presence of the EMF on his property and elevated EMF levels in his residence have either rendered his residence unmarketable, or substantially reduced his residence's fair market value, and has placed the plaintiff in fear of his health and the health of his loved ones.
The plaintiff requests the following relief: (1) damages; (2) a permanent injunction requiring the defendant to reduce EMF levels on the plaintiff's property and in his residence; (3) appointment of an appraiser, pursuant to General Statutes §16-236, and judgment for the amount found due, plus costs; (4) damages, costs, appraiser's fees and attorney's fees pursuant to General Statutes § 48-17b; and (5) costs of the action.
On April 25, 1995, the defendant moved for partial summary judgment as to count two of the complaint (trespass), followed by the plaintiff's memorandum in opposition on June 15, 1995, and the defendant's reply to the plaintiff's opposition on July 13, 1995. On November 8, 1995, the court, Zoarski, J., denied the defendant's motion for partial summary judgment, stating that the issues presented were too complex to resolve by summary judgment. The defendant reserved its right to appeal the denial of its motion on November 14, 1995.
On May 16, 1995, the defendant filed an answer and included CT Page 8896 three special defenses. The first special defense, directed to counts one and two of the complaint, asserts that the claims are barred by the statute of limitations, General Statutes § 52-577. The second special defense states that the plaintiff's claim for injunctive relief is barred by the equitable doctrine of laches. The third special defense, directed to all four counts of the complaint, asserts estoppel because the plaintiff's deed grants the defendant's easement over the plaintiff's property.
The plaintiff denied all of the defendant's special defenses in a reply filed on June 16, 1995.
On April 2, 1996, the defendant filed the present motion for partial summary judgment based on its first special defense directed to counts one and two of the plaintiff's complaint. The defendant's motion is accompanied by a supporting memorandum of law and, as supporting documentation, the plaintiff's deposition taken on February 8, 1996.
On April 25, 1996, the plaintiff filed a memorandum in opposition and a counteraffidavit. The defendant filed a reply to the plaintiff's memorandum in opposition on June 25, 1996.
DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co, 235 Conn. 185, 202, 663 A.2d 1001 (1995). "Interpretation of the pleadings is a question of law." Id., citing Cahill v. Board of Education, 198 Conn. 229, 236,502 A.2d 410 (1985); Sauerwein v. Bell, 17 Conn. App. 697, 702,556 A.2d 613 (1989). In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. Miller v. United Technologies Corp., 233 Conn. 732,744-45, 660 A.2d 810 (1995).
In its motion for partial summary judgment, the defendant argues that the plaintiff's claims in nuisance and trespass are barred by the statute of limitations, General Statutes § 52-577.[2] The Connecticut Supreme Court has found that "the three year limitation period of [General Statutes] CT Page 8897 § 52-577 applies to all actions based on a tort unless there has been a specific statutory exclusion." Travelers Indemnity Co.v. Rubin, 209 Conn. 437, 441, 551 A.2d 1220 (1988).
"Summary judgment is to be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800,806, ___ A.2d ___ (1996). The statute of limitations defense must be specially pleaded. Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993). See also, Practice Book § 164.
"A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period. . . ."Collum v. Chapin, 40 Conn. App. 449, 453, 671 A.2d 1329 (1996) (in an analysis under § 52-577, the statute of limitations applicable to tort claims, "`the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed.'").
The defendant attaches a portion of the plaintiff's February 8, 1996 deposition in support of its motion for partial summary judgment, seemingly to establish the date of wrongful conduct alleged in the complaint, as compared with the date the plaintiff's cause of action was commenced. "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. Deposition testimony is generally not considered by the court in ruling on a motion for summary judgment. See, e.g., Esposito v. Wethered,4 Conn. App. 641, 645, 496 A.2d 222 (1985); Oberdick v. AllendaleMutual Ins., Superior Court, judicial district of New Haven at New Haven, Docket No. 283004 (August 25, 1993, Celotto, J.) (explaining that uncertified responses to depositions are not judicial admissions and are ordinarily used only for impeachment purposes). Deposition testimony may, however, be used in support of a motion for summary judgment to establish a sequence of events. See Oberdick v. Allendale Mutual, Ins., supra.
In the present case, the defendant relies on the plaintiff's deposition to support its contention that the plaintiff knew, by at least July, 1991, that the power lines in the plaintiff's backyard "were somehow affecting [the plaintiff's] ability to sell his home"; (Deposition, pp. 17-18; and that, in 1991, the CT Page 8898 plaintiff considered getting a lawyer. Such use of the plaintiff's deposition testimony by the defendant establishes a sequence of events and, therefore, may be properly considered by the court in ruling on the defendant's motion for partial summary judgment.
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Beers v.Bayliner Marine Corp., 236 Conn. 769, 771 n. 4, 675 A.2d 829
(1996).
In opposition to the defendant's motion for partial summary judgment, the plaintiff argues that counts one and two of his complaint are not time barred, based on the theories of continuing nuisance and continuing trespass. The plaintiff further contends that the defendant's motion for partial summary judgment fails to dispose of the issue of whether the alleged trespass and nuisance were the product of a discrete act or omission, or were the result of continuing acts. See Prescott v.Northeast Utilities, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 315423 (December 18, 1995, Ballen, J., 15 Conn. L. Rptr. 489) (where the court found that the defendant's reliance on the plaintiff's deposition testimony was insufficient to allow the court to determine whether the trespass and nuisance caused by increased EMF's constitutes a discrete act or omission, or a continuing trespass).
In its reply to the plaintiff's memorandum in opposition to its motion for partial summary judgment, the defendant argues that the plaintiff's reliance on continuing nuisance and trespass theories are misplaced because, in order to state a valid continuing trespass or nuisance claim requires a special relationship, subsequent wrongful conduct, and lack of earlier knowledge of the trespass or nuisance by the plaintiff. S. Pope,Inc. v. Pope Exterminating, Superior Court, judicial district of Middlesex, Docket No. 66712 (November 17, 1993, Higgins, J.).
The Prescott case, relied on by the plaintiff, is factually similar to the present case. In Prescott, the plaintiff brought an action in trespass and nuisance based on the electromagnetic fields (EMFs) emitted from the defendant's power lines, located on an easement to the plaintiff's property. Prescott v. NortheastUtilities, supra. The defendant raised the statute of limitations CT Page 8899 as a special defense to the plaintiff's trespass and nuisance counts, then moved for summary judgment on the ground that the trespass and nuisance counts of the plaintiff's complaint were time barred. Id. The defendant supported its motion with the plaintiff's deposition testimony. Id.
In opposition to the defendant's motion, the plaintiff asserted continuing trespass and nuisance, arguing that as long as an electric current ran through the power lines the EMFs constituted an ongoing trespass and nuisance. Id. Thus, because the trespass and nuisance were ongoing, the plaintiff argued that the statute of limitations should be tolled. Id.
The court determined that the plaintiff's deposition testimony only established that the defendant's easement was expanded in 1987 and did not present evidence of the nonexistence of a genuine issue of material fact. Id. The Prescott court, therefore, declined to grant the defendant's motion for summary judgment because the defendant failed to present evidence "which would allow the court to determine whether the trespass and nuisance, allegedly caused by the increased EMFs, constitutes a discrete `act or omission' or a continuing trespass." Id.
In the present case, the defendant, in its reply brief to the plaintiff's memorandum in opposition, argues that the Prescott
court failed to consider a line of Connecticut cases discussing the "continuing course of conduct" theory. See, e.g., Blanchettev. Barrett, 229 Conn. 256, 640 A.2d 74 (1994); Nardi v. AAElectronic Security Engineering, Inc., 32 Conn. App. 205,628 A.2d 991 (1993); Fichera v. Mine Hill Corp., 207 Conn. 204,541 A.2d 472 (1988). "To support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Blanchette v.Barrett, supra, 229 Conn. 275.
The defendant argues that, because the plaintiff failed to allege a "special relationship" between himself and the CT Page 8900 defendant, or that there was some later wrongful conduct related to the prior act which the plaintiff did not know about, he is precluded from using the continuing course of conduct theory. "The `continuing course of conduct' doctrine has been held inapplicable where the complainants `admit they were already aware of the problem.'" S. Pope, Inc. v. Pope Exterminating,
supra, citing Beckenstein v. Potter Carrier, Inc., 191 Conn. 150,162, 464 A.2d 18 (1983).
The defendant's argument is irrelevant to the standard employed in deciding a motion for summary judgment. If a genuine issue of material fact exists as to whether to toll the statute of limitations under the continuing course of conduct theory, the motion for summary judgment should be denied. "The doctrine of . . . continuing course of conduct [is] conspicuously fact bound and requires that [a] genuine issue of material fact be determined, with respect to when the negligence occurred, when the plaintiff has knowledge of actionable harm. . . . These facts are relevant with respect to both the two-year and three-year statutes [of limitation]. Such facts must be resolved by the trier of fact, and are not properly determined on a motion for summary judgment." Thoennes v. Wu, Superior Court, judicial district of New Haven at New Haven, Docket No., 299498 (June 22, 1994, Hadden, J.). See also American Fabrics v. York ResearchCorp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309841 (February 15, 1996, Hauser, J.) (denying the defendant's motion for summary judgment because a genuine issue of material fact existed "as to whether the Statute of Limitations may be tolled . . . under the doctrine of `continuing course of conduct"').
The defendant fails to demonstrate the nonexistence of a genuine issue of material fact. Specifically, the defendant fails to demonstrate that the act of trespass or nuisance, of which the plaintiff complains, was a discrete act, as opposed to an ongoing act.
The defendant improperly relies on the plaintiff's deposition testimony to support its motion. The plaintiff's testimony goes to the issue of a sequence of events; the testimony says nothing about whether the trespass of the electromagnetic field is a discrete occurrence or an ongoing act. This testimony does not "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Home Ins. Co. v. Aetna Life Casualty Co, supra, 235 Conn. 185. CT Page 8901
Furthermore, the plaintiff's counteraffidavit raises the issue of whether the trespass and nuisance are continuing. The plaintiff avers that "the defendant is continuing to use the power lines behind my property to transmit and distribute electricity. These transmission and distributions create an electromagnetic field (EMF) which penetrates my home. The defendant's activities are on-going and continuing. In particular, I have heard humming noises coming from the power lines during periods of rain as recently as this month. I have never received any notice from the defendant that it has discontinued transmitting or distributing electricity thorough these power lines." (Counteraffidavit of Kevin Piccolo, ¶ 2).
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). See also Hare v.McClellan, 234 Conn. 581, 584, 662 A.2d 1242 (1995). Based on the foregoing, the defendant has not met its burden of showing the absence of a genuine issue of material fact, whereas the plaintiff, through his counteraffidavit, sufficiently raises such an issue. The defendant's motion for summary judgment should be denied.
CONCLUSION
The defendant has not met its burden of showing the absence of a genuine issue of material fact, entitling it to judgment as a matter of law, whereas the plaintiff, through his counteraffidavit, sufficiently raises such an issue. Therefore, the defendant's motion for summary judgment is denied.
Kevin P. McMahon, Judge