[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO FINDING OF FACT
The plaintiff Southern New England Telephone Company brought this action against Michael Provenzano to collect a debt due for yellow pages advertising. The first count of the complaint alleges that the plaintiff sold advertising to the defendant Michael Provenzano, who did not pay for CT Page 921 it. The count alleges that the advertising was actually ordered by Frank Provenzano. The second count of the complaint alleges in the alternative that the defendant Michael Provenzano benefitted from the advertising and has been unjustly enriched by accepting the service without paying for it. The defendant denies the allegations in the complaint.
The case was referred for resolution by fact finding, pursuant to Conn. P.B. § 23-52. The fact finder heard evidence from both parties on the allegations in the plaintiff's complaint.
The report of the fact finder reveals the following facts. Michael Provenzano is the father of Frank Provenzano who is an adult. Michael Provenzano arranged a meeting with the plaintiff's sales representative concerning the yellow pages ad. Michael Provenzano initially stated on the telephone that he was responsible for the business to be advertised. The meeting to close the sale occurred on July 9, 1997, at the Provenzano home. Present at the meeting were Andrew Jones from SNET and both Michael Provenzano and Frank Provenzano. The father did most of the talking, stating that his son had difficulty in speaking. The business to be listed was called "Art Design Garden Center." When it came time to sign the contract, it was presented to Frank Provenzano who signed it.
Thereafter the plaintiff provided the advertisement in the yellow pages. The plaintiff began sending monthly bills, which were never paid, to Michael Provenzano. At trial, Michael Provenzano denied that he was responsible to pay the outstanding bill and denied knowing anything about Art Design Garden Center or the yellow pages advertising.
The finder of fact concluded from these findings that the defendant Michael Provenzano had a contract with the plaintiff for yellow pages advertising and was liable for the outstanding bill of $3711.79, plus attorney fees of $800 which are allowable under the written contract. The defendant filed a timely objection to the acceptance of the report of the fact finder, pursuant to Conn. P.B. § 23-57. The court has examined the pleadings, the report of the fact finder, and the exhibits.
Exhibit A is the contract, the front page of which is titled Directory Advertising Order and the back page of which lists the Terms and Conditions of the contract. The contract is signed by Andrew Jones for the plaintiff and by Frank Provenzano. Although Michael Provenzano set up the meeting and helped to negotiate the contract for his son, the contract was presented to Frank Provenzano in front of the plaintiff's representative and is signed only by Frank Provenzano. It is not signed by Michael Provenzano.
It is troubling that the defendant not only denies being a party to the CT Page 922 contract but also disavows any knowledge of the business and the yellow pages advertising services furnished to it. From the face of the contract it appears that as of July 9, 1997, there was already a current yellow pages ad for a business called "Provenzano: Art and Design." The contract contains a change in the name of the listing to "Art Design Garden Center." It is not clear whether Michael Provenzano had a role in the earlier business known as Provenzano: Art and Design. The finding of fact is devoid of any finding that Michael Provenzano had any ownership or control of the operation of Art Design Garden Center or benefitted in any way from that business.
The defendant's denial of knowledge does not appear credible in light of the finding that the contract for yellow pages advertising for Art Design Garden Center was discussed, negotiated, and signed in his presence. But it is still the plaintiff's burden to affirmatively put forth facts that support a conclusion that Michael Provenzano either signed the contract or had some ownership of the enterprise that benefitted from the unpaid services. These missing facts cannot be supplied by unfounded allegations of the plaintiff coupled with incredible denials of the defendant. The trier of fact "cannot, from a disbelief of the defendant's testimony, infer that plaintiff's allegation is correct." Novak v. Anderson, 178 Conn. 506, 508 (1979).
Under the facts found by the fact finder, this court cannot conclude that Michael Provenzano was either a party to the contract for advertising services or was unjustly enriched by the advertising services.
Pursuant to Conn. P.B. § 23-58(a)(4), this court hereby rejects the finding of facts and revokes the reference. This matter shall be forthwith set down for a trial to the court.
Patty Jenkins Pittman Judge of the Superior Court